UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT J. PRATHER,

    Plaintiff,

v.

GOVERNOR OF THE STATE OF WASHINGTON, et al.,

    Defendants.

CASE NO. C12-5100BHS

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on Defendants Bonney Lake Municipal Court and Judge Heslop's (collectively, "Defendants") motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Dkt. 13. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On February 7, 2012, Vincent J. Prather ("Prather") filed a complaint, citing a 42 U.S.C. § 1983 claim, and alleging that the Governor of the State of Washington, the

Attorney General of the State of Washington, and the Bonney Lake Municipal Court violated his First Amendment right to freedom of religion when Judge Heslop refused to comply with Prather's request that the 2008 criminal proceedings against him be "removed" to ecclesiastical court. Dkt. 1 at 2. On March 9, 2008, Prather pled guilty to Possession of Drug Paraphernalia, Assault-Domestic Violence, and Violation of an Order of Protection. Dkt. 1 at 12. According to Prather, he sent two letters (Dkt. 1 at 7-9) to the municipal court requesting that the court "remove" the proceedings to an ecclesiastical tribunal to adjudicate the matter "with the active prosecutorial participation by the State of Washington." Dkt. 1 at 2. He claims that the municipal court ignored his request "with no oral or written reason," and that the court's refusal to use Prather's preferred ecclesiastical tribunal violated his civil rights by interfering with his religious beliefs. *Id*.

On March 5, 2012, Defendants filed the instant motion to dismiss. Dkt. 13. On March 20, 2012, Prather responded (Dkt. 16) and on March 30, 2012, Defendants replied (Dkt. 18).

Solely for the purpose of deciding Defendants' motion to dismiss, the Court will accept the facts as alleged in Prather's complaint. *See* Dkt. 1. As discussed below, the Court concludes that Prather has failed to state a claim upon which relief may be granted

## II. DISCUSSION

A.  **Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901

F.2d 696, 699 (9th Cir. 1990). A court accepts the factual allegations in the complaint as true for purposes of deciding the motion to dismiss. *Id*. To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555-56 (internal citations omitted). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

**B.     Prather's § 1983 Claim**

Despite the protections the First Amendment affords Prather, his religious beliefs do not exempt him from the criminal laws of Washington or the jurisdiction of its courts. Though Prather maintains that "[t]he Bible forbids Christians from asserting or defending their rights in a secular court" (Dkt. 1 at 4), the Court is unaware of any authority that supports his position and he offers none. There is, however, well established case precedent supporting the exact opposite, that religious convictions do not exempt an individual from laws that are generally applied to all citizens. *See Oregon v. Smith*, 494 U.S. 872, 877-880 (explaining relevant case law and stating that "[w]e have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate. On the contrary, the record of more than a century of our free exercise jurisprudence contradicts that proposition.").

Furthermore, Prather seeks to have his criminal convictions re-adjudicated in ecclesiastical court. Prather pled guilty to these charges four years ago, and thus these matters have been decided in state court. The relief Prather is seeking challenges the validity of his state court convictions and is therefore barred. *Heck v. Humphrey*, 512 U.S. 447, 487 (1994) ("when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

For the reasons stated above, even if the Court assumes the facts alleged in his complaint as true, the Court concludes that Prather has failed to state a claim upon which relief may be granted.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 13) is **GRANTED** and Prather's claims against them are **DISMISSED with prejudice**.

DATED this 9th day of April, 2012.

BENJAMIN H. SETTLE
United States District Judge